UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH STEWART (98926)

VERSUS                                    CIVIL ACTION

RICHARD L. STALDER, ET AL                 NUMBER 07-800-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 1, 2007.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KEITH STEWART (#98926)

VERSUS                                              CIVIL ACTION

RICHARD L. STALDER, ET AL                           NUMBER 07-800-RET-SCR


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Warden Burl Cain and unidentified medical and security personnel.  Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate and were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless

it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Plaintiff acknowledged in his complaint that he did not exhaust available administrative remedies.  Plaintiff explained that he failed to exhaust available administrative remedies because he believes unidentified security officers were responsible for the attack which is the subject of his civil rights complaint.

Section 1997e of Title 42 of the United States Code provides in pertinent part the following:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e clearly requires a state prisoner to exhaust available administrative remedies *before* filing a § 1983 suit and precludes him from filing suit while the administrative complaint is pending.  *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris*

*v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). The pertinent inquiry is not whether the prisoner has pursued his administrative remedies reasonably and in good faith, but whether he has exhausted all remedies that are available. *Days v.* Johnson, 322 F.3d 863, 866 (5th Cir. 2003). The Supreme Court has rejected a futility exception to the 42 U.S.C. § 1997e(a) exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819, 1825 n. 6 (2001).

Exhaustion is an affirmative defense which a prisoner is not required to plead or prove in his complaint. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). However, where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure *sua sponte* dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted. *Tanner v. Federal Bureau of Prisons*, 475 F.Supp.2d 103, 105 (D.D.C. 2007).

Plaintiff conceded that he did not exhaust available administrative remedies prior to filing suit. Because the affirmative defense appears on the face of the complaint, the plaintiff's complaint is subject to *sua sponte* dismissal for failure to state a claim upon which relief can be granted.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to

3

state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e.

Baton Rouge, Louisiana, November 1, 2007.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

4